# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| DAVID SIMMONS, | * | |
| Plaintiff, | * | |
| vs. | * | CV 514-19 |
| COFFEE COUNTY; WESLEY VICKERS;<br>JERRY POPE; DANIEL PAULK;<br>TONY ROWELL; EARL BRICE, JR.;<br>CHARLES DEAN; FRANK JACKSON;<br>JIMMY KITCHENS; and TOM RICE, | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Defendants' Motion to Dismiss Complaint. Dkt. No. 12. For the reasons stated below, Defendants' Motion is **GRANTED**.

## BACKGROUND

This action involves Plaintiff's refiling of the same claims that he asserted against the same state officials in Simmons v. Vickers, No. CV 510-60 (S.D. Ga. May 3, 2012).[1] See Dkt. No. 1, pp. 1-2; see also Dkt. No. 12, Ex. 1. In his prior

---

[1] The undersigned notes that Plaintiff has named Coffee County as an additional Defendant in this case, See Dkt. No. 1, p. 1; however, as this Order discusses more fully below, this addition makes no practical difference. See discussion infra Part A.

case, Plaintiff's allegations pertained to two underlying disputes with Defendants: the first dispute concerned Defendants' arrest and ten-day imprisonment of Plaintiff in connection with a shootout, which Plaintiff claimed took away his "freedom." Dkt. No. 12, Ex. 1, pp. 2, 3-4. The second was a property dispute involving Defendants' use of a road leading to Plaintiff's house in Coffee County, Georgia, which Plaintiff claimed amounted to an illegal taking. Id. at p. 2.

Based on Plaintiff's allegations, this Court granted summary judgment on his claims and entered judgment in favor of Defendants. Id. at p. 12. In doing so, the undersigned dismissed Defendants Vickers, Pope, and Paulk, citing the absence of any evidence of their liability. Id. at pp. 6-7. As to the remaining Defendants, the undersigned noted that Plaintiff arguably set forth a cognizable claim for relief under 42 U.S.C. § 1983 for a deprivation of his constitutional rights based on Defendants having taken his property without just compensation. See id. at p. 8. Even so, the undersigned dismissed Plaintiff's takings claim based on a lack of subject matter jurisdiction; the undersigned determined that such a claim is not ripe for adjudication in this Court until the property owner has exhausted Georgia's inverse condemnation procedure in state court and has been denied just compensation in that forum. Id. at pp. 8-11. Finally, the undersigned

concluded that any other potential claims for relief lacked evidentiary support and therefore were not properly before this Court. Id. at p. 11.

Plaintiff now has filed this lawsuit, in which he sets forth the same factual allegations regarding the imprisonment and property disputes that formed the basis of his previous complaint. See generally Dkt. No. 1. Beyond those allegations, Plaintiff also contends that on April 26, 2013, he sought to file a complaint alleging inverse condemnation in the Coffee County Superior Court, a copy of which Plaintiff has submitted with the instant Complaint. Id. at pp. 2, 40-48. According to Plaintiff, he requested permission to proceed in forma pauperis, but "[t]he [j]udge of that court ignored Plaintiff's request, effectively blocking [ ] Plaintiff at the court house door." Id. at p. 2. Plaintiff also maintains that Defendants have continued to engage in the same conduct forming the basis of the property dispute. Id. at p. 14. Based on these allegations, Plaintiff seeks to refile his section 1983 claims alleging constitutional deprivations arising out of both his imprisonment and the taking of his property. Id. at pp. 1-2.

Defendants move for dismissal for failure to state a claim upon which relief could be granted. Dkt. No. 12, p. 1 (citing Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)")). In support, Defendants argue that the applicable statutes of limitations bar

Plaintiff's claims, because Plaintiff filed outside the two-year limitations period for section 1983 and four-year period for inverse condemnation. Id. at pp. 2-3. Defendants also assert that the doctrine of res judicata bars Plaintiff's claims, because this Court's prior decision satisfies the four elements of res judicata set forth in Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Id. at pp. 3-5. Defendants have attached as an exhibit a copy of this Court's order in that case. Id. at Ex. 1.

Plaintiff has filed a Response opposing Defendants' Motion on the ground that he sought relief within the relevant limitations periods. Dkt. No. 14, pp. 2-3. Plaintiff also maintains that res judicata does not apply here, because this Court's determination that his claims were not yet ripe for jurisdiction did not constitute an adjudication of his claims, as required under the res judicata elements. Id. at p. 3.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of a complaint in stating a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (interpreting Fed.

R. Civ. P. 8(a)(2)). When ruling on a motion to dismiss, a court must accept the factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor. Id. at 678 (citing Bell Atl. Corp., 550 U.S. at 556, 570). A court also must afford a pro se party, such as Plaintiff, leniency in applying procedural rules. See GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

When a party moving to dismiss pursuant to Rule 12(b)(6) presents matters outside the pleadings, the court must treat the motion to dismiss as a motion for summary judgment under Rule 56. Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982) (citations omitted); see also Fed. R. Civ. P. 56. "Matters outside the pleadings" includes oral or written evidence that supports or opposes a pleading and provides some substantiation therefor. Concordia, 693 F.2d at 1075 (citing 5 Wright & Miller, Federal Practice and Procedure § 1366 (1969)). A court, however, may consider a document attached to a motion to dismiss without converting such motion into a motion for summary judgment if the document is "incorporated into the complaint by reference" or concerns "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

In this case, Defendants have attached in support of their Motion a copy of this Court's order in the prior case. See Dkt.

No. 12, Ex. 1. Because the ruling in that case is central to Plaintiff's Complaint and is within judicial notice, the attached order is not a "matter outside the pleadings." The Court thus will consider the order without converting Defendants' Motion into a motion for summary judgment.

Defendants base their Rule 12(b)(6) Motion, in part, on a res judicata defense. Res judicata, however, is not a defense under Rule 12(b); rather, it is an affirmative defense that a party should raise under Rule 8(c). See Fed. R. Civ. P. 8(c), 12(b); Concordia, 693 F.2d at 1075 (citations omitted). A party nevertheless may assert a res judicata defense in a Rule 12(b) motion when the defense's existence appears on the face of the complaint or the record of the earlier case is received in evidence. Concordia, 693 F.2d at 1075 (citations omitted). Because such conditions are present here, Defendants have properly raised a res judicata defense in the form of a Rule 12(b)(6) motion. The Court therefore must decide whether the pleadings and exhibits provide sufficient information to support dismissing Plaintiff's Complaint on res judicata grounds. See id.

The doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale, 193 F.3d at 1238 (citing Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)).

A claim is barred by prior litigation when all of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id.

As to the first element, a dismissal for lack of subject matter jurisdiction does not constitute an adjudication on the merits of a claim that would give rise to a res judicata defense. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188 (11th Cir. 2003). But when a court reaches the merits of a claim, finding that the plaintiff fails to state a claim for relief, and also notes a lack of subject matter jurisdiction, the resulting dismissal is a final judgment on the merits of the substantive claim. Id. at 1188-89 ("[I]f the district court truly had dismissed the case for lack of subject matter jurisdiction it could not legitimately have reached the merits of [a plaintiff's] contentions.").

Having dismissed Plaintiff's prior claims for reasons specific to certain groups Defendants, the undersigned likewise will discuss these groups of Defendants separately in determining whether res judicata applies to their respective dismissals.

**A.  Defendants Vickers, Pope, and Paulk**

All of the elements of res judicata are met with respect to Plaintiff's claims against Defendants Vickers, Pope, and Paulk. Regarding the first element, the undersigned fully analyzed the merits of Plaintiff's section 1983 claims against these Defendants in the prior suit, finding that Plaintiff failed to state a claim for relief. Dkt. No. 12, Ex. 1, pp. 6-7. This holds true even though the undersigned, in discussing the other Defendants, noted a lack of subject matter jurisdiction over the takings claim. See Davila, 326 F.3d at 1188-89. Because the Court reached the merits of Plaintiff's claims against these Defendants, the resulting dismissal was a final judgment on the merits of Plaintiff's substantive claims.

As to the remaining res judicata elements, this Court had competent jurisdiction over the section 1983 claims pursuant to 28 U.S.C. § 1331 (2014) (federal question). The parties in the two suits are identical with the exception that Plaintiff has added here Defendant Coffee County, who nevertheless satisfies this element because it stands in privity with the previous Defendants. Compare Dkt. No. 12, Ex. 1, p. 1, with Dkt. No. 1, p. 1. See also Citibank, N.A., 904 F.2d at 1498 (holding that employer-employee and principal-agent relationships create privity). Finally, Plaintiff asserts the same causes of action against these Defendants, because the two cases arise out of the same nucleus of operative fact—Plaintiff's imprisonment

AO 72A
(Rev. 8/82)

following his arrest and the property dispute. See generally Dkt. No. 12, Ex. 1; Dkt. No. 1; see also Citibank, N.A., 904 F.2d at 1503 (stating that two cases are the same "cause of action" if they arise out of the same nucleus of operative fact).

Because the four elements of res judicata are present, this Court's prior decision as to Plaintiff's claims against Defendants Vickers, Pope, and Paulk bars Plaintiff's claims here against this same trio of Defendants. The Court **DISMISSES** Plaintiff's claims against Defendants Vickers, Pope, and Paulk on res judicata grounds.

B. **Defendants Coffee County; Rowell; Brice, Jr.; Dean; Jackson; Kitchens; and Rice**

As against the remaining Defendants, res judicata bars Plaintiff from filing a section 1983 claim based on his imprisonment. In the prior suit, the undersigned noted Plaintiff's attempt to claim a deprivation of his "freedom" while in prison for ten days, Dkt. No. 12, Ex. 1, pp. 2-4, and proceeded to grant summary judgment on all of his "potential claims," other than his takings claim, as lacking evidentiary support, Id. at p. 11. In doing so, the undersigned rendered a final judgment as to the merits of Plaintiff's section 1983

claim arising from his imprisonment, satisfying the first element of res judicata.[2]

The other res judicata elements also are present with respect to Plaintiff's imprisonment claim: this Court had competent jurisdiction over the underlying federal question, the parties are identical or in privity, and the causes of action arise out of the same facts involving Plaintiff's arrest and imprisonment for ten days. See discussion supra Part A. Because res judicata bars Plaintiff from filing another section 1983 claim alleging a deprivation of his "freedom" while in prison, the Court **DISMISSES** such a claim here.

While res judicata does not bar Plaintiff's substantive takings claim directly, the doctrine precludes this Court from presently exercising jurisdiction over this claim. It is true that the prior dismissal of Plaintiff's takings claim does not satisfy the first res judicata element, because the dismissal was solely on jurisdictional grounds and therefore was not a final adjudication on the merits of the substantive takings claim. See Davila, 326 F.3d at 1188. The Court, however, did adjudicate at that time the issue of jurisdiction over

---

[2] The undersigned recognizes that the previous order states, "The Court also notes that other potential claims are alluded to by the Plaintiff at various points in the record, such as elder abuse, malicious prosecution, and harassment." Dkt. No. 12, Ex. 1, p. 11. In using this construction, the undersigned set forth a nonexclusive list of potential claims. Accordingly, this Court's decision as to all "potential claims," although not specifically mentioning the potential imprisonment claim, encompassed this claim nonetheless.
10

Plaintiff's takings claim. See Dkt. No. 12, Ex. 1, pp. 8-11; Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980) (citations omitted) (recognizing the preclusive effect of a decision on the merits of a jurisdictional claim). As such, the Court today may exercise jurisdiction over Plaintiff's section 1983 takings claim only if Plaintiff has pursued his state-court remedies and been denied just compensation. See Dkt. No. 12, Ex. 1, pp. 10-11 (citing Ga. Const. art. I, § 3, para. 1(a) (state equivalent of the takings clause)); see also Adams v. City of Atl., 322 S.E.2d 730, 732-33 (Ga. 1984) (holding that the Georgia procedure for claiming a taking through inverse condemnation involves filing an action in the superior court in the county where the land lies).

Even taking the facts in Plaintiff's Complaint as true, Plaintiff has not shown that he has pursued his state-court remedies. In his Complaint, Plaintiff avers that he sought to file an inverse condemnation proceeding in the Coffee County Superior Court but that the judge ignored his request to file in forma pauperis. Dkt. No. 1, p. 2. See generally Ga. Code Ann. § 9-15-2(a)(1) (2014) (stating that a plaintiff may a file petition to proceed in forma pauperis and an affidavit of indigency showing that he has insufficient funds to pay the court's filing fee and requesting a waiver).

While the basis for denying Plaintiff's filing is unclear, it appears that Plaintiff could have taken further steps in order to comply with the filing procedure under Georgia law. For example, if the judge denied Plaintiff's request based on the merits of his complaint, Plaintiff could have appealed the denial. See Ga. Code Ann. § 9-15-2(d) (stating that a trial court judge must review a pro se litigant's request to file in forma pauperis to determine whether he states a claim for relief); Romano v. Ga. Dep't of Corrs., 693 S.E.2d 521, 523 (Ga. App. 2010) (showing that a denial of such a request is appealable and that the appellate court reviews the findings as to the merits in a light favorable to the plaintiff).

Alternatively, if the judge denied his request based on a finding that Plaintiff is not indigent, Plaintiff could have filed his action in the superior court by paying the filing fee. Indeed, it is within the trial court judge's discretion to determine a plaintiff's ability to pay that court's fee. See generally Saylors v. Emory Univ., 370 S.E.2d 625, 626 (Ga. App. 1988) (citations omitted) (stating that an appellate court cannot review a trial court's finding on indigency and therefore its denial of a petition to proceed in forma pauperis on this basis). If the judge here found that Plaintiff has sufficient resources to pay the Coffee County Superior Court fee, Plaintiff must do so in order to file his inverse condemnation action.

Moreover, if Plaintiff is impatient with the timing of his state-court requests, there are actions, requests for hearing, and petitions for mandamus available to him. What is not possible is for Plaintiff alone to decide that he can opt out of pursuing the state path simply because it is taking more time than he would like it to take.[3]

Because Plaintiff's Complaint does not plausibly suggest that he took these available steps to pursue the inverse condemnation procedure under Georgia law, the Court **DISMISSES** Plaintiff's section 1983 takings claim for lack of subject matter jurisdiction. The Court need not address Defendants' remaining basis for dismissal relating to the relevant statutes of limitations.

### CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED**. **SO ORDERED**, this 13TH day of November, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] In giving examples of available remedies, the Court in no way implies that Plaintiff's takings claim is meritorious or that Plaintiff's pursuit of any given remedy will prove successful.